UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ILESH PATEL, <br><br>         Plaintiff, <br> v. <br><br> DEEPASH H. PATEL, <br><br>         Defendant. | 3:13-CV-00800 (CSH) |

**ORDER**

**I.**    **INTRODUCTION**

Plaintiff Ilesh Patel (hereafter "Plaintiff") has brought a Complaint [Doc. 1] against Defendant Deepash Patel (hereafter "Defendant"). This action involves what Plaintiff describes as a "de facto partnership" which was formed when Defendant sold Plaintiff a 36% interest in DHI Management, LLC, which Plaintiff describes as "a non-existent entity billed as a Limited Liability Company organized under the laws of the State of Connecticut." [Doc. 1] at 1. Further familiarity with the faces are assumed for the purpose of this Order.

Plaintiff avers that this Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. § 1332, and that "[j]urisdiction is proper because the matter in controversy exceeds $75,000 and is between citizens of different states." *Id.*

**II.**    **SUBJECT MATTER JURISDICTION**

A federal court has limited jurisdiction pursuant to Article III of the Constitution. In order for this Court to exercise subject matter jurisdiction, either (1) a plaintiff must set forth a colorable

1

claim arising under the Constitution or federal statute, creating "federal question" jurisdiction, 28 U.S.C. § 1331;[1] or (2) there must be *complete diversity of citizenship* between a plaintiff and all defendants and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332 (a)(1); *see also, e.g., Dymon v. Laffaye*, No. 3:12-CV-00320, 2012 WL 774996 at *1 (D. Conn. March 7, 2012).

If subject matter jurisdiction is lacking, dismissal of an action from federal court is mandatory. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Manway Constr. Co. v. Housing Authority of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983). Accordingly, a federal court has the duty of reviewing a plaintiff's complaint at the earliest opportunity to determine whether there is in fact subject matter jurisdiction. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107-08 (2d Cir. 1997); *Univ. of South Alabama v. American Tobacco* Co., 168 F.3d 405, 410 (11th Cir. 1999).

As discussed *supra*, Plaintiff alleges in his Complaint that this Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332, *see* [Doc. 1] at 1, under which, as previously noted, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a). Specifically, Plaintiff avers that "Plaintiff is an individual who resides in Manalapan, New Jersey," [Doc. 1] at 1, and that Defendant is "an individual who resides in Wallingford, Connecticut." *Id.* at 2.

These statements regarding where Plaintiff and Defendant "reside," however, do not by

---

[1] As Plaintiff's Complaint sets forth no facts or circumstances that potentially give rise to a federal claim under the Constitution or federal statute, there is no basis for "federal question" jurisdiction pursuant to 28 U.S.C. § 1331.

themselves establish diversity among the parties. Accordingly, the citizenship of all parties to this action must be confirmed in order for the Court to make a determination of its subject matter jurisdiction.

As an initial matter, an individual's citizenship for diversity purposes is determined by his or her *domicile*, which is defined as "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)); 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3612, at 526 (2d ed. 1984). In assessing diversity, a court must thus be apprised of the locations where the plaintiff and defendant were *domiciled at the time an action was filed*, and not merely of the locations where each party was a *resident*.[2]

The distinction between a party's residence and domicile is straightforward. "In general, the domicile of an individual is his true, fixed and permanent home and place of habitation," which is to say, "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983); *see also, e.g., Palazzo v. Corio*, 232 F.3d at 42. In contrast, "residency" occurs "when a person takes up his abode in a given place, without any present intention

---

[2] *See, e.g., Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009) (to determine diversity jurisdiction "it must be determined whether *at the time the present action was commenced* there was diversity jurisdiction") (emphasis added). For diversity purposes, an individual's citizenship is determined by his or her domicile. *Id*. ("Accordingly, it must be determined whether at the time the present action was commenced there was diversity jurisdiction, that is, whether [defendant] was a citizen of— *i.e.*, domiciled in, *see, e.g., Gilbert v. David*, 235 U.S. 561, 569, 35 S.Ct. 164, 59 L.Ed. 360 (1915); *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir.1998)—a state other than the state in which [plaintiff corporation] was incorporated and the state in which it had its principal place of business, see 28 U.S.C. § 1332(c)(1), and whether the amount in controversy "exceeds ... $75,000, exclusive of interest and costs," *id*. § 1332(a).).

to remove therefrom." *Martinez v. Bynum*, 461 U.S. at 331.  A "residency," therefore, may be taken up for personal or business reasons and may be either permanent *or* solely for a period of time.  *Id.*  The test for an individual's residency is thus significantly less stringent than the "more rigorous domicile test." *Id.*[3]  Thus "a statement of residence, unlike domicile, tells the court only where the parties are *living* and not of which state they are *citizens*." *John Birch Soc. v. Nat'l Broadcasting Co.*, 377 F.2d 194, 199 (2d Cir. 1967) (emphasis added).  In short, it is "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-03 (2d Cir. 1997) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)).

**III.   CONCLUSION**

In order to determine whether it has subject matter jurisdiction in this action, the Court hereby ORDERS Plaintiff to supplement the record on or before **Monday, June 24, 2013** by providing an affidavit regarding his *domicile* at the time his Complaint in this action [Doc. 1] was filed – i.e., June 4, 2013 –  as well as stating whether he maintained any other residence in any other state at the time at which the Complaint was filed, along with (1) the location of all such residences kept; and (2) the approximate length of time spent at each such residence.  The Court further ORDERS Plaintiff to state in detail the source and grounds for his information and belief that at the time at which his Complaint was filed, Defendant was *domiciled* in Connecticut.

---

[3] Given that "one can *reside* in one place but be *domiciled* in another," for jurisdictional purposes, the term "'[d]omicile' is not necessarily synonymous with [the term] 'residence.'" *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (citations omitted). For the reasons explicated *supra*, a court may not and cannot simply infer a party's citizenship, or domicile, from assertions concerning a party's residence.  *See, e.g., Realty Holding Co. v. Donaldson,* 268 U.S. 398, 399 (1925).

All case deadlines shall be stayed pending the Court's review of Plaintiff's affidavit. If, upon review, the Court determines that it possesses subject matter jurisdiction, the action may proceed. Otherwise, in the absence of such jurisdiction, the Court shall dismiss the action without prejudice. Alternatively, at any time prior to Monday, June 24, 2013 Plaintiff may file a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1). Such dismissal would also be without prejudice.

The foregoing is SO ORDERED.

Dated: New Haven, Connecticut
       June 10, 2013

/s/Charles S. Haight, Jr.
Charles S. Haight, Jr.
Senior United States District Judge